Comstock, Ch. J.
 

 (Dissenting.) Greene was master of the steamer Albatross for every legal intendment and purpose. He was so described in the register. In that character he signed the shipping articles and the bills of lading. The vessel was also cleared in his name as master. He had, it is true, a letter of instructions from the owner, according to which McNeil, a subordinate, was to.take charge of the nautical management of the ship. But, so far as I can see, this letter only affected
 
 *385
 
 the relations between Greene and his employer. In virtue of those instructions, it no doubt became the duty of Greene to consult and be guided by McNeil upon all questions which concerned merely the navigation of the vessel. But they did not convert the subordinate into the master. Greene had the legal authority which belonged-to that office, and McNeil had not.- The allegiance of the crew was due to the office, and not to the private instructions, of which they may, or may not, have been entirely ignorant. The relations between master and crew, as established -by the maritime law and the acts of Congress, cannot be changed by an interference of this nature. The nature of the service admits of but one supreme authority, and the laws recognize but one. That authority was vested in Greene, iii virtue of his office. He alone had the power to compel the obedience of the crew by discipline and punishment, although the directions might be given by another per son.
 
 (United States
 
 v.
 
 Taylor,
 
 2 Sumner C. C., 584; Curtis’ Bights and Duties of Merchant Seamen, 4, 5, 7, 15; 1 U. S. Statutes at Large, 1790, ch. 29, § 1; 4
 
 Id.,
 
 1835, ch. 40, p. 775.) In a-conflict of opinion or command, between Greene, as master, and McNeil, the crew would have been guilty of revolt or mutiny if they had obeyed the latter, and disregarded the authority of the former. .
 

 The vessel, then, was not seaworthy, according to the définitions contained in all the authorities. Seaworthiness requires the presence of a master of competent skill.
 
 (Keeler
 
 v.
 
 The Firemen's Ins. Co.,
 
 3 Hill, 255; 3 Kent, 287; 1 Arnold on Insurance, 684.) But Greene was totally ignorant of navigation ; having, in fact, never before been at sea. McNeil had the required skill; but he had not the legal power of a commander. We may speculate; but we cannot affirm that the perils of the voyage would have been the same, if the requisite skill and authority had been combined in one person. In the contract of marine insurance, seaworthiness is an implied condition, fatal to the policy in its very inception, if the condition be not performed. We think it was not performed in the present case, because the authority of the master existed
 
 *386
 
 without skill; and the skill of the subordinate was without legal authority. The policy was therefore void.
 

 Demo and Bacou, Js., concurred in this opinion.
 

 Judgment reversed, and 'new trial ordered.